IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Alan D. MOELLER, Attorney at Law.

Supreme Court

*No. 92–1798–D. Filed December 6, 1993.*

(Also reported in 508 N.W.2d 399.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Alan D. Moeller to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of failing to report to the bankruptcy court funds of his client that had been deposited into his trust account, failing to report receipt of and obtain approval for fees he claimed were paid to him out of the non-reported assets and exceeded the fees he had set forth in the bankruptcy schedules, failing to respond to numerous requests from the bankruptcy client for an itemized statement of his services and full return of her funds and records after the bankruptcy was concluded and removing the bankrupt's funds from his trust account and applying them to his fees without accounting to or receiving consent from the client. Attorney Moeller also failed to provide trust account records requested by the Board of Attorneys Professional Responsibility (Board) in its investigation of the bankruptcy matter, did not keep required trust account records, certified falsely that he had complied with the court's trust account record-keeping requirements, transferred trust account funds to his personal business account and had insufficient funds on deposit in the trust account, failed to credit clients with interest earned on their funds and paid himself monies from his trust account even though unable to ascertain the source of those monies. Further, when he campaigned for election as district attorney, Attorney Moeller commingled campaign

2

funds with client funds in his trust account and paid campaign expenses with client funds on deposit in that account.

Concerned that the discipline recommended by the referee was an insufficient response to the seriousness of the misconduct, the court ordered the parties to show cause why more severe discipline should not be imposed. Having considered the responses to that order from Attorney Moeller and the Board, we determine that the misconduct warrants a one-year suspension of Attorney Moeller's license to practice law. He violated his fundamental professional duty of candor to the bankruptcy court concerning the assets of the bankrupt and collected fees in that matter far in excess of what he had set forth on schedules filed with that court. He also violated his duty to hold client funds in trust and maintain proper records to enable him to account for those funds.

Attorney Moeller was admitted to practice law in Wisconsin in 1980 and has not previously been the subject of a disciplinary proceeding. He served as district attorney for Jackson county from 1989 to 1992. His misconduct considered in this proceeding occurred while he was in private practice in Black River Falls.

The referee, Attorney Janet Jenkins, made findings pursuant to the stipulation of facts entered into by Attorney Moeller and the Board. The first matter concerned his representation of a client in personal and corporate bankruptcy proceedings in 1988. Although the corporate bankruptcy schedule he prepared and filed with the court stated there was no money on deposit in any corporate bank account, in August, 1988, Attorney Moeller closed a corporate bank account containing a balance of $2,532.54 by taking $100 in cash and having a money order for the remaining funds

3

issued to himself as trustee for the corporation. When the bankruptcy schedules were filed, the client was unaware that the account had that much money in it. Attorney Moeller told his client he would hold the $2,432.54 for her until the bankruptcies were completed, adding that if the money were discovered, he would say it had been exhausted by his fee. Attorney Moeller deposited those funds into his client trust savings account and did not report them as an asset in either bankruptcy estate.

Later that month, Attorney Moeller deposited checks totaling $195.51 that had been received by the client's corporation shortly after the bankruptcy petitions had been sent to the court. Attorney Moeller did not report those funds as an asset of either bankruptcy estate, deposited those funds into his trust account and told his client he would apply them to his fee. The bankruptcy trustee issued a no asset report in November, 1988.

Although required to do so under bankruptcy law, Attorney Moeller never asked the court to approve fees greater than the $1,200 he had originally reported on the bankruptcy petitions. Nonetheless, he never returned to the client any part of the $2,432.54 money order or the almost $200 in checks he had deposited into his trust account.

Beginning in March, 1989, the client wrote to Attorney Moeller each month for 11 months asking him to send her an itemized statement for his services and return her funds and corporate records and tax returns. Attorney Moeller did not respond. When the client filed a small claims action against him seeking return of the $2,432.54, Attorney Moeller gave her at trial in that action a bill for his services in the bankruptcies, as well as in two other matters. The

statement did not itemize the services but set forth that he had applied the $2,432.54 on deposit in his trust account, as well as the client's $400 retainer, toward the fees in the bankruptcy and had written off the balance remaining. The bankruptcy trustee later testified that it was unlikely he would have approved fees of more than $1,400 for the two bankruptcies. The client was unsuccessful in obtaining a judgment against Attorney Moeller but did get her tax returns and other corporate records from him.

During the Board's investigation of his conduct in the bankruptcy matter, Attorney Moeller did not provide records of his trust account transactions that had been requested and the Board obtained them by subpoena. It was then discovered that during 1988, Attorney Moeller transferred approximately $6,000 of client funds from his trust account to his law office account, transferred funds belonging to some clients to trust accounts in which he held funds belonging to other clients, deposited his own funds into his trust account to pay disbursements made on behalf of clients whose funds had been in those accounts, used a portion of $1,000 taken from his trust account to pay expenses of his election campaign, did not credit clients with interest on their funds held in the trust savings accounts and deposited campaign contributions into his client trust account. Attorney Moeller admitted that his system of accounting did not comply with the court's trust account record-keeping requirements, contrary to his certification on the State Bar dues statement that he had complied with those requirements.

The referee concluded that Attorney Moeller's conduct violated the Rules of Professional Conduct for Attorneys as follows:

His failure to report to the bankruptcy court more than $2,600 in corporate funds belonging to the corporate bankrupt and which he had deposited into his trust account constituted a failure to disclose a fact to a tribunal necessary to avoid assisting a criminal or fraudulent act by the client, knowing disobedience of an obligation under the bankruptcy court's rules and conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:3.3(a)(2),[1] 3.4(c)[2] and 8.4(c),[3] respectively.

His failure to report his receipt of and obtain approval for fees that were paid to him out of the non-reported assets of the bankrupt and that were more than twice the amount of fees he had disclosed in the bankruptcy schedules constituted a

[1] SCR 20:3.3 provides:

**Candor toward the tribunal**
(a)   A lawyer shall not knowingly:
. . .
(2)   fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

[2] SCR 20:3.4 provides:

**Fairness to opposing party and counsel**
A lawyer shall not:
. . .
(c)   knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

[3] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

6

knowing violation of his obligation under the Bankruptcy Code, in violation of SCR 20:3.4(c).

His failure to respond to 11 written requests from his bankruptcy client for an itemized statement of his services and for the return of her funds and corporate records violated SCR 20:1.4(a)[4] 20:1.15(b)[5] and 20:1.16(d),[6] respectively.

His taking $2,400 of his bankruptcy client's funds as payment of his fees without giving an account to

---

[4] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[5] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[6] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

or obtaining the consent of the client violated SCR 20:1.15(d).[7]

The deposit of $200 of his bankruptcy client's funds into his trust account and failure to give those funds to the client constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

His failure to provide trust account records in response to requests from the Board during its investigation, his failure to maintain required trust account records and his falsely certifying that he had complied with those record-keeping requirements violated SCR 20:1.15(f), (e) and (g),[8] respectively.

---

[7] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(d)  When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved."

[8] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(e)  Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation.

. . .

(f)  Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney

His transfer of trust account funds into his personal business account without maintaining records as to the purpose of those withdrawals or the identity of the clients to whom those funds belonged and his failure to maintain sufficient funds on deposit in his client trust accounts to pay subsequent disbursements on behalf of the clients entitled to those funds, with his subsequent need to deposit his personal funds and funds of other clients to cover those disbursements, constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

His failure to keep an accounting of interest attributable to each client's funds held in trust and credit those clients with interest earned on those funds, his commingling of campaign funds with client funds in his trust account and paying campaign expenses with client funds held in trust violated SCR 20:1.15(c), 1.15(a)[9] and 20:8.4(c).

---

wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

(g)   A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit unit or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. . . .

[9] SCR 20:1.15 provides:

**Safekeeping property**

(a)   A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan

In making a recommendation for discipline for that misconduct, the referee rejected the Board's position that a three-year license suspension was warranted. Recommending a six-month license suspension, the referee acknowledged the importance of the trust account record-keeping rules and procedures and that Attorney Moeller's failure to comply with those requirements was inexcusable. The referee recognized, however, that no client claimed not to have received ultimately the funds on deposit in his trust account. The referee determined that Attorney Moeller had not placed his own pecuniary interests above those of his clients in light of the fact that he deposited personal funds into his trust accounts to ensure that his clients received the amounts to which they were entitled.

The referee also considered in mitigation of the severity of discipline to be imposed for his misconduct that Attorney Moeller provided legal services to many persons in his community who would not otherwise have been able to obtain representation because of their inability to pay or the unpopularity of their causes, his record as a prosecutor and the fact that he has not previously been the subject of a disciplinary proceeding. Further, the referee considered that he has a high potential for rehabilitation, noting that his mis-

---

association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

. . .

(c) Each trust account under this rule shall be an account in any bank, trust company, credit union or savings and loan association, selected in the exercise of ordinary prudence, authorized by federal or state law to do business in Wisconsin. . . .

conduct occurred prior to the time he served as district attorney, and that he has demonstrated remorse for his misconduct.

In addition to the six-month license suspension, the referee recommended that reinstatement of Attorney Moeller's license be conditioned on his establishing trust account procedures and record-keeping that comply with the court's rules and that for several years he be required to have his trust account audited by the Board.

Notwithstanding the mitigating factors considered by the referee, we determine that the seriousness of Attorney Moeller's misconduct, in particular his withholding of asset information from the bankruptcy court and his misappropriation of client funds held in trust, warrants more severe discipline, namely, a one-year license suspension. We agree with the referee that reinstatement of his license must be conditioned on his having established proper trust account procedures and record-keeping and that his trust account should be audited periodically.

Finally, we address Attorney Moeller's objection to that portion of the Board's costs in this disciplinary proceeding for travel time and expenses incurred by Board counsel between his residence in Ashland and LaCrosse for the taking of Attorney Moeller's deposition and for the disciplinary hearing. Attorney Moeller contended that the Board should have assigned this matter to an attorney who resided closer to the location where proceedings would be held. We reject that objection. While the court's rule, SCR 22.15, entitles an attorney charged in a disciplinary proceeding to have the hearing held in the county of the attorney's principal office, unless the referee changes the location for cause, there is no rule requiring the Board to appoint

counsel solely on the basis of geographical location most convenient to the respondent attorney. In appointing counsel, the Board may properly consider other factors, such as the experience of available counsel and their availability.

We adopt the referee's findings of fact and conclusions of law regarding Attorney Moeller's misconduct. We determine that his misconduct warrants the suspension of his license to practice law for one year, as well as the imposition of the conditions recommended by the referee.

IT IS ORDERED that the license of Alan D. Moeller to practice law in Wisconsin is suspended for one year, commencing January 17, 1994.

IT IS FURTHER ORDERED that reinstatement of the license of Alan D. Moeller to practice law shall be conditioned on his having satisfied the Board of Attorneys Professional Responsibility that he has established trust account procedures and record-keeping that comply with the court's rules.

IT IS FURTHER ORDERED that for a period of three years following the reinstatement of his license to practice law, Alan D. Moeller shall furnish the Board of Attorneys Professional Responsibility, at his own expense, an annual audit of his client trust account showing compliance with the applicable rules.

IT IS FURTHER ORDERED that within 60 days of the date of this order Alan D. Moeller pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Alan D. Moeller to practice law in Wisconsin shall remain suspended until further order of the court.

12

IT IS FURTHER ORDERED that Alan D. Moeller comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

GESKE, J., took no part.