IN the MATTER OF the PETITION FOR REINSTATEMENT OF the LICENSE OF Alan D. MOELLER to Practice Law in Wisconsin.

Supreme Court

*No. 92–1798–D. Filed January 17, 1996.*

(Also reported in 542 N.W.2d 453.)

STATE OF WISCONSIN——SUPREME COURT

ORDER

On May 8, 1995, Alan D. Moeller filed a petition for the reinstatement of his license to practice law in Wisconsin, which the court suspended for one year, commencing January 17, 1994, as discipline for professional misconduct. *In re Disciplinary Proceedings Against Moeller*, 180 Wis. 2d 1, 508 N.W.2d 399 (1993). In addition to the license suspension, the court conditioned the reinstatement of Mr. Moeller's license upon his having satisfied the Board of Attorneys Professional Responsibility concerning his trust account procedures and record keeping and, for three years following reinstatement, furnishing the Board an annual audit of his client trust account showing compliance with the applicable Rules of Professional Conduct for Attorneys.

The Board filed its report December 15, 1995 recommending that the reinstatement petition be granted, having determined that the petitioner meets the requirements for reinstatement set forth in SCR 22.28(4). In addition, the Board recommended that conditions be imposed on the petitioner's continued practice of law consistent with the court's decision. On July 12, 1995 the Board of Bar Examiners recommended that the reinstatement petition be granted, having determined that the petitioner is current in respect to continuing legal education attendance and reporting requirements.

It Is Ordered that the petition is granted and the license of Alan D. Moeller to practice law in Wisconsin is reinstated, effective the date of this order.

IT IS FURTHER ORDERED that Alan D. Moeller shall comply with the following conditions:

(1) He shall open a trust account immediately upon receipt of any client trust property, including any unearned retainer, and within five days give the Board of Attorneys Professional Responsibility written notice of the location and number of that trust account.

(2) If a computer software program is used to generate trust account records, he shall utilize on a monthly basis the checkbook balancing feature of the program and generate and retain hard copies of all ledgers and journals required under the trust account rules.

(3) Three months after opening the trust account, he shall provide the Board with a copy of all required trust account journals and records and monthly bank statements and a schedule for each client having funds on deposit in the account during the month being reported.

(4) For three years following the opening of a trust account, he shall provide the Board, at his own expense, an annual audit of that account prepared by a certified public accountant.

Marilyn L. Graves

Clerk of Supreme Court